# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JUNIEL,<br><br>    Plaintiff,<br><br>v.<br><br>SHERMAN, et al.,<br><br>    Defendants. | Case No. 1:16-cv-00513-SKO (PC)<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE AND INABILITY TO STATE A COGNIZABLE CLAIM**<br><br>**(Doc. 1)** |

### INTRODUCTION

**A. Background**

Plaintiff, Richard Juniel, is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. As discussed in greater detail below, Plaintiff fails and is unable to state a cognizable claim under section 1983, such that this action is **DISMISSED**.

**B. Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C.

§ 1915(e)(2)(B)(i)-(iii).  If an action is dismissed on one of these three basis, a strike is imposed per 28 U.S.C. § 1915(g).  An inmate who has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, and has not alleged imminent danger of serious physical injury does not qualify to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(g); *Richey v. Dahne*, 807 F.3d 1201, 1208 (9th Cir. 2015).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States."  *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

**C.     Summary of the First Amended Complaint**

Plaintiff complains of acts that occurred when he was transferred from California Substance Abuse Treatment Facility ("SATF") in Corcoran, California to California State Prison in Sacramento, California ("CSP-Sac").  Plaintiff names the following SATF employees as defendants:  Correctional Officer Kyle Rening; Sergeant D. Crane; and Associate Warden J. Collins.  Plaintiff seeks monetary damages totaling $1,350 for property that was lost when he was transferred from SATF to CSP-Sac in March of 2015.

Plaintiff alleges that, on March 6, 2015, C/O Rening inventoried Plaintiff's personal property as Plaintiff was to be placed in a crisis bed.  (Doc. 1, p. 3.)  On March 20, 2015, Plaintiff was transferred from SATF to CSP-Sac.  (*Id.*)  Because his personal property was not transferred with him, Plaintiff filed an inmate appeal on March 22, 2015.  (*Id.*)  On July 7, 2015, Plaintiff received a small portion of his property, but almost half of his personal property was missing. (*Id.*, p. 4.)  On July 20, 2015, he received a response to his inmate appeal which acknowledged that, because of staff negligence, Plaintiff's fan, CD player, and TV were missing or lost.  (*Id.*)

Plaintiff was offered a TV, CD player, and fan. (*Id.*) Since they were all inoperable, Plaintiff refused to accept them in place of his missing items. Plaintiff pursued his inmate appeal on his missing property through every level of review, but they were all rejected for one reason or another. (*Id.*) Plaintiff contends that, though he has a mental health disability and reading grade point level of 1.3, prison staff "never attempted to achieve effective communication" with him during the appeal process. (*Id.*, at p. 5.)

As discussed in greater detail below, Plaintiff cannot and is not able to state a cognizable under section 1983 based on this incident. This action is, therefore, properly dismissed with prejudice.

### D. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Violations of Rule 8, at both ends of the spectrum, warrant dismissal. A violation occurs when a pleading says too little -- the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). The Rule is also violated, though, when a pleading says *too much*. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e have never held -- and we know of no authority supporting the proposition -- that a pleading may be of unlimited length and opacity. Our cases instruct otherwise.") (citing cases); *see also McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir.1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges").

//

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555.  Factual allegations are accepted as true, but legal conclusions are not.  *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

Further, "repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' 28 U.S.C. § 1915(g), when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time." *Knapp v. Hogan*, 738 F.3d 1106, 1108-09 (9th Cir. 2013).

### 2. Linkage

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006);

*Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff's allegations must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. Prisoners proceeding *pro se* in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

C/O Rening is the only named Defendant that Plaintiff mentions in his factual allegations. Although it is apparent from Plaintiff's exhibits that both of the other Defendants were involved in the review and handling of Plaintiff's inmate appeal, this is insufficient to link them to Plaintiff's allegations under section 1983.

## DISCUSSION

**A.     Plaintiff's Claims**

      **1.     Due Process**

            **a.     Loss of Personal Property**

The Due Process Clause protects prisoners from being deprived of property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Prisoners have a protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process

Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available," *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  California law provides an adequate post-deprivation remedy for the unauthorized taking (whether intentional or negligent) of an inmate's personal property.  *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994)(citing Cal. Gov't Code §§810-895).

Plaintiff's allegations clearly state that C/O Rening's loss or misplacement of his property was not authorized.  If it had been authorized, Plaintiff would not have been offered replacement items.  Since the loss of his property was unauthorized, California law provides an adequate remedy for Plaintiff's loss and he may not pursue a due process claim under section 1983.

### b.     Inmate Appeals

The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  To state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  "States may under certain circumstances create liberty interests which are protected by the Due Process Clause."  *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).  Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Id.*

"[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).  "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982) *accord Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure

1  confers no liberty interest on prisoner).  "Hence, it does not give rise to a protected liberty interest
2  requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v.*
3  *DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986).
4      Actions in reviewing prisoner's administrative appeal generally cannot serve as the basis
5  for liability under section 1983.  *Buckley*, 997 F.2d at 495.  The argument that anyone who knows
6  about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is
7  not correct.  "Only persons who cause or participate in the violations are responsible.  Ruling
8  against a prisoner on an administrative complaint does not cause or contribute to the violation."
9  *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir. 2005) *accord George v. Smith*, 507 F.3d 605,
10  609-10 (7th Cir. 2007); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir. 1999); *Vance v. Peters*,
11  97 F.3d 987, 992-93 (7th Cir. 1996).
12      Thus, Plaintiff is unable to state a cognizable against prison personnel for their
13  involvement in the processing and the decisions made on his inmate appeal concerning his
14  missing property.

### **ORDER**

Plaintiff has failed and is unable to state a cognizable claim under section 1983 against any of the named Defendants based on the loss of his personal property.  Leave to amend would be futile and need not be granted as the defects in his pleading are not capable of being cured through amendment.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Accordingly, it is **HEREBY ORDERED** that this entire action is **DISMISSED** with prejudice.

IT IS SO ORDERED.

Dated:  **March 3, 2017**                                  /s/ *Sheila K. Oberto*
                                                            UNITED STATES MAGISTRATE JUDGE